Filed 11/25/24  P. v. Franco CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>CARLOS BAZAN FRANCO,<br><br>    Defendant and Appellant. | C099887<br><br>(Super. Ct. Nos.<br>STK-CR-FE-2005-0008324,<br>SF096125A) |

A jury convicted defendant Carlos Bazan Franco of second degree murder and found not true an allegation that the murder was intentional and carried out by the defendant for financial gain.  The trial court imposed a sentence of 19 years to life in prison, and a different panel of this court affirmed the judgment.  (*People v. Franco* (Mar. 4, 2009, C055520) [nonpub. opn.].)  In describing the circumstances of the murder -- a background upon which we do not rely for our current analysis -- this court explained that the victim's body had been found burned and decomposed in an orchard,

1

and a pathologist could not determine the precise cause of death. (*Ibid*.) But there was evidence defendant's codefendants had tortured the victim and that defendant ultimately killed him.[1] (*Ibid*.)

More than a decade later, defendant filed a petition for resentencing under Penal Code section 1172.6.[2] After appointing counsel and receiving briefing from the parties, the trial court summarily denied the petition.

Defendant appeals from the denial, claiming (1) the record of conviction does not establish that he is ineligible for relief as a matter of law, and (2) the trial court engaged in improper factfinding at the prima facie stage.

We need not address defendant's second contention because we find merit in the first. The record of conviction does not establish, at the prima facie stage, that defendant is ineligible for relief as a matter of law. Accordingly, we will reverse the trial court's order and remand the matter with directions for the trial court to issue an order to show cause under section 1172.6, subdivision (c), and to conduct a hearing under subdivision (d).

DISCUSSION

"The Legislature enacted Senate Bill [No.] 1437 [(2017-2018 Reg. Sess.), which became effective on January 1, 2019,] 'to more equitably sentence offenders in accordance with their involvement in homicides.' " (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).) As relevant here, Senate Bill No. 1437 added a new requirement that, except in cases of felony murder, "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); *Curiel*, at p. 449.)

---

[1] This court granted defendant's motion to incorporate by reference the record in defendant's original appeal from the judgment.

[2] Undesignated statutory references are to the Penal Code.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) also added former section 1170.95 (now section 1172.6), which, among other things, permits a defendant to petition the sentencing court to have a murder conviction vacated, and to be resentenced on any remaining counts, when (1) the complaint, information, or indictment filed against the defendant allowed the People to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on the defendant's participation in a crime; (2) the defendant was convicted of murder following a trial; and (3) the defendant cannot presently be convicted of murder because of changes to section 188 or 189 made effective January 1, 2019. (§ 1172.6, subd. (a).)

" '[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility [as set forth above] are met . . . .' [Citation.] 'When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition "to determine whether the petitioner has made a prima facie case for relief." [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.] If, instead, the defendant has made a prima facie showing of entitlement to relief, "the court shall issue an order to show cause." ' " (*Curiel, supra*, 15 Cal.5th at p. 450.)

In making its prima facie inquiry, the trial court must take the factual allegations in the petition as true. (*Curiel, supra*, 15 Cal.5th at pp. 460, 463; *People v. Lewis* (2021) 11 Cal.5th 952, 971.) It may not engage in factfinding or reject a defendant's factual allegations on credibility grounds. (*Curiel*, at p. 460; *People v. Strong* (2022) 13 Cal.5th 698, 720; *Lewis*, at pp. 971-972.) " ' "However, if the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.' " ' " (*Curiel*, at p. 460; see *id.* at p. 463 [concluding that ineligibility for section 1172.6 relief at the

prima facie stage requires the record to conclusively establish every element of murder under a valid theory of liability].) The record of conviction, which the trial court may consider in determining whether a defendant has made a prima facie showing of relief, includes the verdicts, the factual findings they necessarily reflect, the jury instructions, and the prosecutor's argument to the jury. (*Curiel*, at pp. 460, 465, 471; see, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 52-60 & fn. 13; *People v. Lopez* (2022) 78 Cal.App.5th 1, 15-20.) We engage in de novo review of an order denying a section 1172.6 petition at the prima facie stage. (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1170; *Lopez*, at p. 14.)

The trial court did not instruct the jury on felony murder or the natural and probable consequences doctrine. And defendant does not contend he was convicted of murder under either of those theories. Instead, he contends he is entitled to relief under section 1172.6 because he was convicted of murder under a theory in which malice was imputed to him based solely on his participation in a crime.

The prosecutor advanced two theories supporting a murder conviction: that defendant was a direct perpetrator, and that defendant was a direct aider and abettor. If the jury convicted defendant of second degree murder as an actual killer, defendant would be ineligible for resentencing relief because the instructions required the jury to find that a direct perpetrator acted with malice. (See *People v. Harden, supra,* 81 Cal.App.5th at p. 53; see generally *People v. Gentile* (2020) 10 Cal.5th 830, 844 (*Gentile*), superseded by statute on another point as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 869.) However, the verdicts do not specify the theory under which defendant was convicted of second degree murder, and the jury instructions did not require the jury to find that defendant was an actual killer to convict him of murder. The modified CALCRIM No. 520 instruction given to the jurors told them a murder conviction required proof that defendant committed an act that caused Ruiz's death, not that defendant personally killed Ruiz.

4

Defendant and the People agree the record of conviction shows the jury likely found defendant guilty of murder as an aider and abettor. At the trial, the prosecutor argued that defendant was guilty of murder under the direct aiding and abetting theory. "A person who aids and abets the commission of a crime is culpable as a principal in that crime." (*Gentile, supra*, 10 Cal.5th at p. 843.) An aider and abettor who does not expressly intend to aid a killing can be liable for second degree murder under a theory of implied malice if (1) the direct perpetrator committed a life-endangering act; (2) conduct by the aider and abettor aided in the commission of that act; and (3) the aider and abettor acted with knowledge that the direct perpetrator intended to commit the act, intended to aid the direct perpetrator in its commission, and with knowledge that the act was dangerous to human life, acted in conscious disregard for human life. (*Curiel, supra*, 15 Cal.5th at pp. 466-468, 470; *Gentile*, at p. 850; *People v. Reyes* (2023) 14 Cal.5th 981, 990-991.)

The trial court instructed the jury on aiding and abetting with CALCRIM Nos. 400 and 401. It told the jury a person may be guilty of a crime by directly committing the crime or by aiding and abetting someone else who committed the crime. It further instructed, pursuant to the standard CALCRIM No. 401 instruction: "To prove that the defendant is guilty of a crime based on aiding and abetting that crime, the People must prove that: [¶] 1. The perpetrator committed the crime; [¶] 2. The defendant knew that the perpetrator intended to commit the crime; [¶] 3. Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; [¶] AND [¶] 4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime. [¶] Someone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime. [¶] If all of these requirements are proved, the defendant does not need to actually have been present when the crime was committed to be guilty as an aider and

5

abettor.  [¶]  If you conclude that defendant was present at the scene of the crime or failed to prevent the crime, you may consider that fact in determining whether the defendant was an aider and abettor.  However, the fact that a person is present at the scene of a crime or fails to prevent the crime does not, by itself, make him or her an aider and abettor."  Contrary to the People's contention, the instructions did not tell the jury that aiding and abetting liability for murder requires a finding that defendant acted with intent to kill.

The instructions did not tell the jury that an aiding and abetting murder conviction requires a finding that defendant shared the direct perpetrator's murderous intent or that defendant knew the direct perpetrator's act was dangerous to human life and defendant acted in conscious disregard for human life.[3]  The instructions given allowed the jury to find defendant guilty of aiding and abetting an implied malice murder if it determined that defendant aided and abetted an intentional act that killed Ruiz, without necessarily finding that defendant personally acted with malice.  (*People v. Langi* (2022) 73 Cal.App.5th 972, 981-984; see *People v. Powell* (2021) 63 Cal.App.5th 689, 706-707, 714.)  Because the record of conviction does not conclusively establish that defendant was convicted of murder under a theory of liability that remains viable under current law and that defendant was, therefore, ineligible for sentencing relief under section 1172.6, we will reverse the trial court's order and remand the matter with directions to issue an order to show cause and conduct an evidentiary hearing under section 1172.6, subdivision (d).

We do not agree with defendant's contention that the CALCRIM No. 401 instruction allowed the jury to find him guilty of murder as an aider and abettor without

---

[3]  CALCRIM No. 401 now instructs trial courts not to give the CALCRIM No. 401 instruction for implied malice murder and instead to instruct with CALCRIM No. 526.

6

finding that he participated in the killing.[4]  The instruction required the jury to find that before or during the commission of the murder, the defendant intended to aid and abet the others in committing murder and defendant's words or conduct did in fact aid and abet the others in committing murder.  The instruction did not state that someone aids and abets murder if he aids a direct perpetrator after the commission of the murder.  The record also does not support defendant's contention that in arguing defendant was liable as an aider and abettor, the prosecutor relied entirely on evidence of defendant's acts after the murder.

## DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is reversed.  The matter is remanded to the trial court with directions to issue an order to show cause under section 1172.6, subdivision (c), and to conduct a hearing under subdivision (d).

/s/
MAURO, J.

We concur:

/s/
EARL, P. J.

/s/
ROBIE, J.

---

[4]  Because we address defendant's claim regarding CALCRIM No. 401 on the merits, we need not consider the People's response that defendant's claim is barred by the law of the case doctrine.

7